**Law Offices of Batya G. Wernick**
**Batya G. Wernick, Esq. 03694-1992**
**317 Bellville Ave.**
**Bloomfield, NJ 07003**
**Attorney for Debtor-Calm Development, Inc.**
**973-748-7619**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In the matter of:** | : **Case No.: 13-25272 (DHS)** |
| | : **Chapter 11** |
| **CALM DEVELOPMENT, INC.** | : |
| | : |
| | : |
| | : |
| | : **Judge Vincent F. Papalia** |

## AFFIDAVIT OF MICHAEL A. D'ANTONIO IN SUPPORT OF DEBTOR'S MOTION TO RE-OPEN BANKRUPTCY

**Michael A. D'Antonio,** as director of Debtor Calm

Development, Inc., being of full age, do hereby certify as follows:

1. As the director of Debtor, I have the authority to make this reply

certification in support of the Debtor's Motion to reopen and reinstate

this bankruptcy case.  I also have personal knowledge of the facts

asserted herein.

2. The basis of this Motion is that Debtor's prior attorney in this case,

Mr. Louis Capazzi did not file the required documents and lied to me and to the Court. In fact, he was disbarred on December 1, 2014. Had Mr. Capazzi done what was required of him and what was in the Debtor's best interest, this matter would not have been dismissed and would have instead moved forward. I simply ask that this matter be re-opened retroactive to the date it was dismissed.

3. Counsel for creditor Emigrant Mortgage Company, Inc. ("Emigrant Mortgage") has submitted a Certification in opposition to Debtor's Motion. Noticeably absent from his certification are any allegations or facts showing that his client will be harmed if this matter is re-opened.

4.    Mr. Epstein admits that his client bought the property at the Sheriff's sale (See Exhibit A- sheriffs deed for $100.) He admits that his client still owns the property and has not been able to sell it though it is listed for $669,000. (In one paper he says his client is owed $805,000 and in the Sheriff's deed it says the creditor is owed $960,000.)

5.    If this bankruptcy is reopened, when the Debtor's judgment of almost $6,000,000 (one of its viable assets) is collected, the Bank will then be compensated. Debtor will be able to re-purchase the property from Emigrant Mortgage. Accordingly, Emigrant Mortgage actually will benefit from re-opening this matter as it is likely to recover its entire debt, rather than holding onto property it appears unable to sell.

6. In Mr. Epstein's certification he emphasis the delay in making this application.  At the outset, as I pointed out in point No. 3 above, his client was not harmed by the delay and his client will actually benefit if this application is granted.  However, I must explain that my former attorney was not disbarred until December 1, 2014.  Until that time, I was not able to access my records and then had tremendous difficulty finding another attorney to help me with re-opening this matter.

In fact, I have still not received back from him, his trustee or the Prosecutor, my file in this matter.  During this period I have attempted to obtain counsel and everyone I spoke with wanted "proof".  Without the file, I did not have any proof until Mr. Capazzi was disbarred by Justice Rabner of the New Jersey State Supreme Court.

7. Mr. Epstein attempts to blame me for the delay and says I was represented by Mr. Carter.  Mr. Carter does not do bankruptcy work. He advised me that he could not assist me in my bankruptcy without my case file, which, again, I was unable to retrieve from Mr. Capazzi's office.

8. Judge Steckroth's letter to Mr. Capazzi attached to Mr. Epstein's Certification as Exhibit "B," indicates the Judge's concern about Mr. Capazzi's untruths regarding retaining new counsel.  Mr. Capazzi engaged in this very same dishonesty toward me.  I was lied to again and again by Mr. Capazzi and have been harmed as a result;

specifically with the dismissal of this case. I therefore, ask this Court,

in the interest of justice, to restore this matter to where it would be

but for Mr. Capazzi's gross misconduct.

9. Moreover, Mr. Epstein portrays his client, Emigrant Mortgage, as

being without fault in this matter when in fact his client actually

violated Debtor's rights with respect to the automatic stay provisions

of 11 USC 362 in the handling of the foreclosure.  This is evidenced in

Exhibit 3 of Mr. Epstein's Certification, at page 2 of the Judge Toskos'

decision:

> "The sale was scheduled for July 12, 2013 then adjourned
> to August 2, then to August 16, 2013, August 30, 2014, September 6,
> 2013, October 4, 2013, November 1, 2013 and finally to December 6,
> 2013.
>         The continued adjournments were prompted by Calm's
> second filing of a Chapter 11 petition in bankruptcy."

Rather than staying the sale altogether as it was required to do,

Emigrant Mortgage instead just continued to adjourn the sheriff's sale,

violating the automatic state by continuing to engage in collection

activity against the Debtor who was in bankruptcy at the time.  Thus,

Emigrant Mortgage does not have clean hands.

10. Other evidence that Emigrant Mortgage is not without fault in the

foreclosure proceedings is that although I and Mr. Capazzi had always

been served with the notice of each sale date/adjournment, I was not

served with the last notice for December 6, 2013.  Accordingly, since I

had received the prior notices, I understandably believed the sale had been entirely stayed or was for some reason not going forward.  I was never made aware of the December 6th date.  Consequently, there are legitimate reasons to re-open this bankruptcy and allow for some challenge to or vacature of the sheriff's sale.  (Further, Debtor has other claims against Emigrant Mortgage that it should be entitled to pursue.)

11.  Mr. Epstein, Esq. discusses Mr. Capazzi's health issues.  However, Debtor's motion to re-open this case is not based on that, but on Mr. Capazzi's dishonesty and ultimate disbarment, which did not occur until December 2014.  I, on behalf of Debtor, simply had no way of trying to re-open this case until now.  Also in January 2015, I attempted to file this application *pro se* and was advised by the Judge that it could not be filed without hiring an attorney.  Thus, I did act promptly after Mr. Capazzi was disbarred.

12. Debtor was not at fault in causing the dismissal of this bankruptcy and was truly a victim of its prior counsel's misconduct which was beyond negligent.  Further, Emigrant Mortgage will not be harmed if this case is re-opened since it still owns the property and in fact is likely to benefit from the re-opening of this matter.  That is because

the Debtor does have legitimate, viable claims, rights and defenses with respect to its assets, all of which can be garnered by the Bankruptcy Trustee and used to resolve all claims in this matter and thereby, allowing the Debtor and its creditors to fully recover any losses.

13.    I certify the above statements to be true.  I am also aware that if the above statements are willfully false that I am subject to punishment.

Dated:  April 23, 2015

Michael A. D'Antonio
Director- of Debtor
Calm Development, Inc

Sworn to before me
this 23rd day of April 2015

Batya Wernick - Attorney at Law

Batya G. Wernick
Attorney At Law
STATE OF NEW JERSEY
Notary Public